IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RICKY DENTON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>    Defendant. ) | No. 20-710C<br>(Judge Lettow) |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* AND DEFENDANT'S MOTION TO STAY DEADLINES

Defendant, the United States, respectfully submits this opposition to plaintiff Ricky Denton's Application to Proceed *In Forma Pauperis* (ECF No. 9), and respectfully requests that the Court stay its deadlines to respond to Mr. Denton's complaint (ECF No. 1), motion for enlargement of time and leave to file an amended complaint (ECF No. 7), and motion for enlargement of time to pay filing fees (ECF No. 8) until 60 days after either the Court grants Mr. Denton's application to proceed *in forma pauperis*, or Mr. Denton pays his full filing fee for this action. We have not attempted to contact Mr. Denton regarding our motion because we understand that he is currently incarcerated.

OPPOSITION TO APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The Court should deny Mr. Denton's application to proceed *in forma pauperis* because he has filed at least five prior Federal actions or appeals that were dismissed as frivolous or for failure to state a claim.

"In enacting the Prison Litigation Reform Act" (PLRA), "Congress intended to discourage frivolous and abusive prison lawsuits." *Schagene v. United States*, 37 Fed. Cl. 661, 661 (1997) (internal quotation marks omitted). The PLRA's "three strikes" provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section [governing

>proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Thus, "a prisoner is barred from proceeding *in forma pauperis* if three or more prior actions or appeals brought by the prisoner have been dismissed as frivolous or malicious or for failure to state a claim." *Taylor v. United States*, 578 F. App'x 991 (Fed. Cir. 2014); *accord, e.g.*, *Harris v. United States*, 562 F. App'x 987 (Fed. Cir. 2014) ("[A] prisoner is barred from proceeding *in forma pauperis* if three or more prior actions or appeals have been dismissed as frivolous or malicious or for failure to state a claim . . . .").

Mr. Denton has filed at least five such prior actions or appeals. *See Denton v. Stokes*, 620 F. App'x 712, 713 (11th Cir. 2015) (affirming "*sua sponte* dismiss[al] . . . for fail[ure] to state a claim"); *Denton v. Vanderford*, No. 12-4188, 2019 WL 1930323, at *6 (N.D. Ala. May 1, 2019) ("[A]ll claims against all defendants are due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted."); *Denton v. Colbert Cty. Sheriff's Office*, No. 12-4059, 2015 WL 1334017, at *1 (N.D. Ala. March 24, 2015) ("[T]he complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted."); *Denton v. Stokes*, No. 12-4145, 2014 WL 1388389, at *2 (N.D. Ala. April 9, 2014) ("[T]he dismissal of this action is a dismissal countable for purposes of 28 U.S.C. § 1915(g)."); *Denton v. Warden of USP-McCreary*, No. 12-231, 2013 WL 2406153, at *3 (E.D. Ky. May 31, 2013) ("Denton's right-of-access claims . . . fail to state a claim upon which relief can be granted."). Therefore, Mr. Denton already has accrued at least "three strikes" and may not file any civil action *in forma pauperis* while a prisoner.

The PLRA's "three strikes" provision contains an exception if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Fourstar v. United States*, 950 F.3d 856, 859 (Fed. Cir. 2020) ("[I]mminent physical injury and personal danger are the intended focus of the statutory exception to the three-strikes rule."). "'Imminent' dangers are those dangers which are about to occur at any moment or are impending"; allowing "an otherwise disqualified prisoner [to] allege[] that any threat of physical injury occurred at *any time*" would allow "the imminent danger exception [to] swallow[] the rule." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc). "[T]he prisoner's factual allegations must be sufficiently specific" to allow the Court to "evaluat[e] the imminence or dangerousness of the threat the prisoner faces," as "prisoners [must] demonstrate the actual existence of an imminent threat, otherwise disqualified filers could obtain IFP status simply by adding general allegations of endangerment." *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 421 (D.C. Cir. 2009). Mr. Denton's allegations that he has an "ongoing medical condition" that "is getting progressively wors[e]," and that he has had symptoms for "over two months," demonstrate that any danger is not imminent. Compl. at 2 ¶ 3. Likewise, his conclusory allegations of "serious bodily injury" and "deliberate indifference" are insufficiently specific. *Id.* at 1 ¶ 1, 4; *see, e.g.*, *Rankins v. United States*, No. 18-105C, 2018 WL 523935, at *2 n.2 (Fed. Cl. Jan. 24, 2018) (rejecting "conclusory" allegation "that prison officials are being "deliberately indifferent to his medical needs" (alterations omitted)). Therefore, Mr. Denton's *in forma pauperis* application is not saved by the PLRA's "imminent danger of serious physical injury" exception.

Accordingly, the Court should deny Mr. Denton's application to proceed *in forma pauperis* and require him to immediately pay the full filing fee if he wishes to proceed with this action. *See* RCFC 77.1(c) (governing Court fees).

## MOTION TO STAY DEADLINES

The Court should stay defendant's deadlines to respond to Mr. Denton's complaint (ECF No. 1), motion for enlargement of time and leave to file an amended complaint (ECF No. 7), and motion for enlargement of time to pay filing fees (ECF No. 8) until 60 days after either the Court grants Mr. Denton's application to proceed *in forma pauperis*, or Mr. Denton pays his full filing fee for this action.

Defendant respectfully submits that good cause exists for this request. If Mr. Denton's application to proceed *in forma pauperis* is denied, his complaint will be dismissed unless he pays the full filing fee for this action. Under these circumstances, the interests of justice, the PLRA's objective of discouraging "frivolous and abusive prison lawsuits," *Schagene*, 37 Fed. Cl. at 661, and "the just, speedy, and inexpensive determination of" this action, RCFC 1, are best served by staying our deadlines to respond to Mr. Denton's filings. Granting the requested stay will conserve the resources of the parties and the Court by avoiding unnecessary briefing and analysis if Mr. Denton is not given *in forma pauperis* status and does not pay his full filing fee.

Accordingly, the Court should stay our deadlines to respond to Mr. Denton's filings until 60 days after either the Court grants Mr. Denton *in forma pauperis* status, or Mr. Denton pays his full filing fee for this action.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Mr. Denton's application to proceed *in forma pauperis*, and grant our motion to stay our deadlines to respond to Mr. Denton's filings until 60 days after either the Court grants Mr. Denton's application to proceed *in forma pauperis* or Mr. Denton pays his full filing fee for this action.

              Respectfully submitted,

              ETHAN P. DAVIS
              Acting Assistant Attorney General

              ROBERT E. KIRSCHMAN, JR.
              Director

              /s/Elizabeth M. Hosford
              ELIZABETH M. HOSFORD
              Assistant Director

              /s/Steven C. Hough
              STEVEN C. HOUGH
              Trial Attorney
              Commercial Litigation Branch
              Civil Division
              United States Department of Justice
              PO Box 480
              Ben Franklin Station
              Washington, DC  20044
              Telephone: (202) 507-6030
              Facsimile:  (202) 305-7644
              steven.c.hough@usdoj.gov

July 31, 2020            Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 31st day of July 2020, I caused to be placed in the United States mail (first-class, postage prepaid) a copy of "Defendant's Opposition to Plaintiff's Application to Proceed *In Forma Pauperis* and Defendant's Motion to Stay Deadlines" addressed as follows:

> Ricky Denton
> No. 51419-179
> P.O. Box 2099
> Pollack, LA  71467

/s/Steven C. Hough